1   Megan R. Hardman (#025520)
    mhardman@swlaw.com
2   Cole Schlabach (#026364)
    cshlabach@swlaw.com
3   SNELL & WILMER L.L.P.
    One Arizona Center, 400 E. Van Buren
4   Phoenix, AZ  85004-2202
    Telephone: (602) 382-6000
5   Facsimile: (602) 382-6070

6   Attorneys for Ford Motor Company

7

8                IN THE UNITED STATES DISTRICT COURT

9                    FOR THE DISTRICT OF ARIZONA

10  Gary L. Post and Jane Cunningham,
    husband and wife,                    No.  2:09-cv-00628-ROS

11                Plaintiffs,

12  v.                                   **FORD MOTOR COMPANY'S
                                         MOTION FOR SUMMARY
13  Ford Motor Company, a Delaware       JUDGMENT**
    Corporation; Sun City RV, Inc., an
14  Arizona Corporation; Citizens
    Automobile Finance, Inc., a Rhode    (Assigned to the Hon. Roslyn O. Silver)
15  Island Corporation; Does 1 to 100,
    inclusive,
16
                  Defendants.
17

18        Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1(a),

19  Defendant Ford Motor Company ("Ford") respectfully moves this Court for judgment

20  against Plaintiffs Gary L. Post and Jane Cunningham ("Plaintiffs") on all counts in

21  Plaintiffs' Complaint.  Ford's only relationship to the Plaintiffs and this case is Ford's

22  manufacture, supply, and warranty of the chassis, which was supplied to Monaco Coach

23  ("Monaco") who manufactured and warranted the motor home sold to the Plaintiffs by

24  Sun City RV.  Ford did not perform any warranty repairs to the chassis for the subject

25  motor home.

26        Because Ford is not the seller or manufacturer of the subject motor home and

27  because Ford's authorized dealers did not perform any warranty repairs to the motor

28  home chassis, Plaintiffs' claims for breach of express and implied warranties fail as a

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1   matter of law.  All remaining claims fail as Ford did not manufacture the subject vehicle

2   and the declared gross weight of the motor home exceeds 10,000 pounds.  Because

3   Plaintiffs cannot assert any viable claims against Ford, judgment should be awarded to

4   Ford dismissing Plaintiffs' complaint against Ford in its entirety.

5          This Motion is supported by the following Memorandum of Points and

6   Authorities, Exhibits, Ford's Statement of Facts filed concurrently herewith ("SOF"),

7   and all pleadings and matters properly before the Court in this action.

8          RESPECTFULLY SUBMITTED this 12th day of July, 2010

9                          SNELL & WILMER, L.L.P.

10

11

12                    By   s/Cole Schlabach
                           Megan R. Hardman
13                         Cole Schlabach
                           One Arizona Center
14                         400 E. Van Buren
                           Phoenix, AZ 85004-2202
15                         (602) 382-6553

16                         Attorneys for Ford Motor Company

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   FACTS**

Plaintiffs purchased a Monaco Coach motor home from Sun City RV on January 30, 2008.  [SOF ¶ 1].  The subject motor home was manufactured and warranted by Monaco. [SOF ¶ 5].  Ford supplied and warranted the chassis only for the subject motor home as a component part of the finished product manufactured by Monaco.  [SOF ¶¶ 3, 4].  Ford did not manufacture or warrant the motor home itself.  [SOF ¶¶ 4, 5, 7].  The subject motor home's declared gross weight is 18,000 pounds, and therefore well exceeds the 10,000 pound threshold applicable to this case.  [SOF ¶ 2].

Subsequent to taking possession of the vehicle, Plaintiffs experienced various problems with the motor home, causing them to seek warranty service.  However, Ford does not have a record of any warranty repairs or claims being made to the chassis for the subject vehicle, other than a recall performed to a wiring issue.  [SOF ¶¶ 4, 8].

On or about March 27, 2009, Plaintiffs filed their Complaint against Ford alleging causes of action including breach of express and implied warranties pursuant to both the Arizona UCC and the Federal Magnuson Moss Warranty Act.  Further, Plaintiffs alleged that Ford violated the Arizona Lemon Law.  Although the subject motor home was actually manufactured by Monaco, Plaintiffs have failed to name Monaco as a party to this case, presumably due to bankruptcy proceedings involving Monaco.

It is undisputed that Ford did not sell or manufacture the subject vehicle, whose gross weight exceeds 10,000 pounds.  Further, there is no evidence that Ford breached its warranty applicable to the subject chassis, as Ford has no record of any warranty claims made related to chassis repairs.  These facts are dispositive of the claims asserted against Ford and warrant judgment in favor of Ford.

**II.   ARGUMENT AND LAW**

**A.   Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment

should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court must evaluate a motion for summary judgment construing the alleged facts with all reasonable inferences favoring the non-moving party. *See Baldwin v. Trailer Inns, Inc.*, 266 F.3d 1104, 1117 (9th Cir. 2001).

The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of any genuine issue of material facts. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party does so, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth *specific facts* showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1985) (emphasis added).

Where the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment should be granted. *Celotex Corp.*, 477 U.S. at 322. The movant's burden to show the absence of a genuine issue of material fact may be discharged by indicating to the court that there is an absence of evidence to support the nonmoving party's claims. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1105-06 (9th Cir.2000).

**B.    Plaintiffs Cannot Assert Any Viable Breach of Implied Warranty of Merchantability (Count I) or Fitness (Count II) Claims Against Ford**.

Counts I and II of Plaintiffs' Complaint assert claims for Breach of Implied Warranty of Merchantability and Fitness, respectively. Plaintiffs assert these claims against Ford despite the fact that Ford did not sell the vehicle to the Plaintiffs, and is therefore not the "seller" subject to these implied warranties.

The Magnuson Moss Warranty Act, 15 U.S.C. § 2301, et seq., provides that a

"consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief." 15 U.S.C. § 2310(d).

The UCC covers the sale of goods in Arizona. Therefore, to the extent that Plaintiffs assert breach of warranty claims against Ford, those claims are governed by the UCC. A.R.S. § 47-2102.

### 1.   Implied Warranty of Merchantability

A.R.S. § 47-2314 codifies the implied warranty of merchantability, "a warranty that the goods shall be merchantable is implied in a contract if the **seller** is a merchant with respect to goods of that kind." A.R.S. § 47-2314(A) (emphasis added). Because Ford did not sell the vehicle to Plaintiffs, Ford is not the seller, and therefore is not subject to an implied warranty of merchantability with respect to the Monaco motor home. Further, in order for an implied warranty to apply, the seller must also be a merchant with respect to goods of that kind. The "goods" in this case is a motor home. It is undisputed that Ford did not manufacture this vehicle, a motor home, and that Ford is not in the business of manufacturing motor homes. [SOF ¶ 1, 3, 6, 7].

Because Ford did not sell the vehicle to Plaintiffs and is not a merchant with respect to goods of this kind, there is no implied warranty of merchantability running from Ford to the Plaintiffs. As such, Plaintiffs' claim for breach of implied warranty of merchantability fails as a matter of law.

### 2.   Implied Warranty of Fitness

A.R.S. § 47-2315 codifies the implied warranty of fitness, "Where the **seller** at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment . . . there is . . . an implied warranty that the goods shall be fit for such purpose" (emphasis added).

The evidence establishes not only that Ford was not the seller of the vehicle, but also that Ford's lack of participation in the sales contract confirms that Plaintiffs were

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

not relying on Ford's skill or judgment at the time of purchase.  [SOF ¶ 1, 6].  Based on the evidence, Ford is entitled to judgment as a matter of law as no implied warranty of fitness applies to Ford for the Plaintiffs' purchase of the motor home.

**C.**  **Plaintiffs Breach of Express Warranty Claim (Count III) fails as No Warranty Repairs Were Performed to the Subject Chassis**.

In Count III of the Complaint, Plaintiffs allege that Ford breached its express warranty applicable to the subject vehicle pursuant to the Magnuson Moss Warranty Act.  15 U.S.C. § 2310(d).  This Federal Act permits Plaintiffs to seek a remedy from a warrantor who fails to remedy a defect within a reasonable time or reasonable number of repair attempts.  15. U.S.C. § 2304.

Nevertheless, Plaintiffs have no evidence to support that Ford failed to remedy a defect in the chassis of the subject vehicle within a reasonable time or reasonable number of attempts.  The only warranty applicable to Ford in this case is the warranty to the chassis.  [SOF ¶ 4].  Ford has no record of repairs performed to the chassis, or any warranty claims applicable to the subject chassis.  [SOF ¶ 8].  Based on the foregoing, Plaintiffs have no evidence to support a claim that Ford breached its express warranty applicable to the chassis of the subject vehicle.  As such, Count III should be dismissed as it relates to Ford.

**D.**  **Counts IV and V of Plaintiffs' Complaint Fail as Ford is Not the "Manufacturer" of the Subject Vehicle and Because the Vehicle Weighs Over 10,000 Pounds**.

Counts IV and V allege that Ford breached its express warranty and in doing so violated the Arizona Lemon Law.  A.R.S. § 44-1261, et seq.  Plaintiffs' claims in Counts IV and V fail as the Lemon Law does not apply to vehicles "with a declared gross weight over ten thousand pounds."  A.R.S. § 44-1261(C).  Plaintiffs' claims further fail on the basis that Ford is not the "manufacturer" of the motor home, and is therefore not subject to the remedies provided under the Lemon Law.

The Arizona Lemon Law clearly establishes liability and remedies which run only to the manufacturer.   Only the manufacturer is subject to the remedies of

replacement or repurchase provided by the Lemon Law.  A.R.S. § 44-1263(A).  Any demand for repurchase or replacement can only be made to the manufacturer, who in this case is Monaco Coach.  Further, the Certificate of Origin and Plaintiffs' testimony establish that the declared gross weight of the vehicle far exceeds 10,000 pounds.  [SOF ¶ 2, 5, 7].

Based on the foregoing undisputed facts, there is no issue of fact regarding the inapplicability of the Lemon Law to Ford.  As a matter of law, judgment should be rendered in Ford's favor, and Counts IV and V of Plaintiffs' Complaint should be dismissed.

**E.   <u>CONCLUSION</u>**

Because Ford is not the seller or manufacturer of the subject motor home and because Ford's authorized dealers did not perform any warranty repairs to the motor home chassis, Plaintiffs' claims for breach of express and implied warranties fail as a matter of law.  All remaining claims fail as Ford did not manufacture the subject vehicle and the declared gross weight of the motor home exceeds 10,000 pounds.  Because Plaintiffs cannot assert any viable claims against Ford, judgment should be awarded to Ford dismissing Plaintiffs' complaint against Ford in its entirety.

RESPECTFULLY SUBMITTED this 12th day of July, 2010

SNELL & WILMER, L.L.P.


By   s/Cole Schlabach
Megan R. Hardman
Cole Schlabach
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
(602) 382-6553
Attorney for Ford Motor Company

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on the 12th day of July, 2010, I electronically submitted the

3   attached document to the Clerk's Office using the CM/ECF System for filing and

4   transmittal of a Notice of Electronic Filing for the following CM/ECF registrants:

5
                Shawn L. Stone, sstone@stonelawfirm.com
6                Harry N. Stone, hstone@stonelawfirm.com
                 THE STONE LAW FIRM, PLC
7                  3030 N. Third Street, Suite 200
                      Phoenix, AZ  85012
8                    *Attorneys for Plaintiffs*

9                      Elliott H. Stone
                  STONE LAW FIRM, APC
10             4660 La Jolla Village Dr., Suite 500
                   San Diego, CA  92122
11                   *Attorneys for Plaintiffs*

12             David T. Barton, david.barton@quarles.com
              Eric B. Johnson, eric.johnson@quarles.com
13                QUARLES & BRADY L.L.P.
                      Renaissance One
14                 Two North Central Avenue
                     Phoenix, AZ  85004
15        *Attorneys for Defendants Sun City RV and
             Citizens Automobile Finance, Inc.*

16
                      By   s/Cole Schlabach
17

18   11724898

19

20

21

22

23

24

25

26

27

28